UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY VASQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>Defendant. | Case No. EDCV 14-02186 RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. SUMMARY OF RULING

Plaintiff James Anthony Vasquez ("Plaintiff") challenges the denial of his application for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI"). The Administrative Law Judge ("ALJ") found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his medically determinable impairments were not entirely credible (Administrative Record ("AR") 416); that there were jobs in significant numbers in the national economy suited to his residual functional capacity that he could perform (AR 419);

and that, in light of these facts, Plaintiff was not disabled (see generally AR 413, 420).

On appeal, the Court concludes that the ALJ's credibility finding is supported by specific, clear and convincing evidence in the record and, as such, is free of legal error. Accordingly, the Court AFFIRMS the ALJ's determination that Plaintiff is not disabled and, therefore, is not entitled to benefits.

## II.    PLAINTIFF'S CONDITIONS AND PROCEEDINGS BELOW

On May 13, 2009, Plaintiff applied for DIB and SSI benefits alleging a disability onset date of October 31, 2008. (See generally AR 76-79 (filing date); see also AR 135-42, 143-46 (disability onset date)). The applications were based on a variety of physical ailments. (See generally AR 76-79, 153-61).

On August 26, 2009, the Social Security Administration denied Plaintiff's applications. (AR 80-84). A subsequent hearing held on January 26, 2011 (AR 28-75), led to an unfavorable decision as well (AR 15-24). Plaintiff's request for review by the Appeals Council was denied. (AR 1-6).

Thereafter, Plaintiff appealed to this Court for relief. See generally James Anthony Vasquez v. Comm'r of Soc. Sec., No. EDCV 12-01302 E. On June 19, 2013, this Court remanded Plaintiff's case on the grounds that the credibility finding in the ALJ's 2011 decision was conclusory in nature and lacked specificity. See id., Memorandum Opinion and Order of Remand, ECF No. 23.

On remand, a second administrative hearing was held in front of a different ALJ on August 12, 2014. (AR 426-71). In the resulting decision, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, right hip disorder, right knee disorder, obesity, affective disorder and history of methamphetamine abuse constituted "severe impairments" under federal regulations but were not severe enough to medically equal a listing. (AR 415).

\\

Thereafter, the ALJ reviewed medical records, testimony from both hearings, and statements from evaluating physicians. (See AR 416-18). Ultimately, the ALJ found that Plaintiff's medically determinable impairments could have reasonably been expected to cause his alleged symptoms. (AR 416). However, he also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible. (AR 416-18). As a result, the ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967 with certain limitations. (AR 416). Specifically, the ALJ found that prior to his date last insured ("DLI") of June 30, 2009, Plaintiff could not use foot pedals, and that after his DLI, he could not use foot pedals and would be limited to performing simple, repetitive tasks. (AR 416). Taking these restrictions into consideration, the ALJ ultimately determined that Plaintiff was capable of performing jobs that existed in significant numbers in the national economy. (AR 419). Consequently, the ALJ concluded that Plaintiff was not disabled and, thus, not entitled to benefits. (See generally AR 413, 418, 420).

## III. ISSUE PRESENTED

Whether the ALJ's determination that Plaintiff's testimony regarding the intensity, persistence and limiting effects of his pain and symptoms was not entirely credible is supported by specific, clear and convincing evidence in the record.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standard was applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001); see Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014) (stating disturbance of decision to deny benefits occurs only if decision is not supported by substantial evidence or is based on legal error). Substantial evidence is more than a

mere scintilla but less than a preponderance. Mayes, 276 F.3d at 459. Substantial evidence is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). To determine whether substantial evidence supports a finding, a court must "consider the record as a whole, weighing both evidence that supports and detracts from the [ALJ's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).

A court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (citing Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995)); see Mayes, 276 F.3d at 459. If the evidence can reasonably support either affirming or reversing the ALJ's decision, "the court may not substitute its judgment for that of the ALJ." Aukland, 257 F.3d at 1035 (citation omitted).

## V.     DISCUSSION

### A.     Pertinent Law

When assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ must engage in a two-step analysis. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009)). First, the ALJ must determine if there is "'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged'." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)); see also 42 U.S.C. § 423(d)(5)(A). If such evidence exists, and there is no evidence of malingering, then the ALJ must give "'specific, clear and convincing reasons'" for rejecting the claimant's testimony about the severity of the symptoms. Molina, 674 F.3d at 1112

(citing Vasquez, 572 F.3d at 591) (quotation omitted)); see Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (verifying "specific, clear and convincing" standard for rejecting claimant's testimony); see generally 42 U.S.C. § 423(d)(5)(A).

General findings are insufficient. Reddick, 157 F.3d at 722 (citing Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ must specifically identify the testimony from a claimant she or he finds not to be credible and explain what evidence undermines the testimony. Treichler, 775 F.3d at 1102 (citing Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001)) (quotation marks omitted) (brackets omitted); see Reddick, 157 F.3d at 722 (citing Lester, 81 F.3d at 384). In sum, the ALJ must "make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

In evaluating the claimant's testimony regarding the severity of his symptoms, in addition to considering the mandatory factors listed in Social Security Ruling ("SSR") 96-7p,[1] the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the

---

[1] SSR 96-7p lists the following as factors the ALJ must consider: "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSRs do not carry the force of law, but they are binding on ALJs nonetheless. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see 20 C.F.R. § 402.35(b)(1) ("[SSRs] are binding on all components of the Social Security Administration.").

5

claimant's daily activities. Chaudry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012) (quoting Tommasetti, 533 F.3d at 1039 (citations omitted) (quotation marks omitted)).

If an ALJ's interpretation of a claimant's testimony is a reasonable one and is supported by substantial evidence, it is not the reviewing court's role to second-guess it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)); see generally Chaudry, 688 F.3d at 672.

### B. Analysis

Plaintiff argues that the ALJ failed to articulate specific, clear and convincing reasons for finding that his testimony was not credible. (See Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities in Support Thereof ("Pl.'s Compl.") at 3-15, ECF No. 21.). The Commissioner asserts that the ALJ properly evaluated Plaintiff's disability claims and that they were supported by specific and legitimate reasons. (See Notice of Motion and Motion for Summary Judgment: Memorandum of Points and Authorities in Support ("Def.'s Answer") at 2-8, ECF No. 22.). For the reasons discussed below, this Court finds that the ALJ's credibility finding is supported by specific, clear and convincing evidence in the record.

In the August 2014 decision, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work with some exceptions. (AR 416). In coming to this conclusion, pursuant to statute, the ALJ first found that "[Plaintiff's] medically determinable impairments could [have] reasonably [been] expected to cause the alleged symptoms." (AR 416) (brackets added); 42 U.S.C. § 423(d)(5)(A). However, he then found that Plaintiff's statements concerning the intensity, persistence and limiting effects of [those] symptoms "[were] not entirely

\\

credible for the reasons explained in [the] decision." (AR 416); see generally 42 U.S.C. § 423(d)(5)(A).

Thereafter, the ALJ noted that Plaintiff's medical records indicated that Plaintiff had degenerative disc disease of the lumbar spine and possible spinal stenosis; that he had had post-surgical repair of his right hip at age ten; and that Plaintiff had also had a post-gunshot wound to his right knee. (AR 416). Then, in a somewhat meandering manner, the ALJ identified some of the documented symptoms Plaintiff had experienced between 2003 and 2014 as a result of the impairments. They included: hip, knee and low back pain; vacillation between walking with a limp and having no difficulty walking; a history of substance abuse with a ninety-day remission at the time of the hearing; cellulitis in both arms; and obesity. (See generally AR 416-17).

Thereafter, the ALJ identified testimony related to some of Plaintiff's impairments and symptoms that he did not find credible and pointed to evidence in the record that undermined Plaintiff's testimony. For example, the ALJ pointed out that at Plaintiff's 2014 hearing, Plaintiff testified that in 2011, he had begun to have non-exertional issues and that he had been diagnosed with bipolar disorder and schizophrenia. (See AR 418 (ALJ's observation); see also AR 448-49 (Plaintiff's 2014 bipolar disorder and schizophrenia testimony)). However, the ALJ also noted that Plaintiff's hospitalizations related to these diagnoses were directly related to the fact that Plaintiff had continued to use methamphetamine well into 2014. (See AR 418 (ALJ's observation); see also AR 41-42 (Plaintiff's 2011 methamphetamine use testimony); AR 449-50 (Plaintiff's admission at 2014 hearing that he abused drugs as late as 2014); AR 745-58, 759-74, 775-87, 788-99, 800-806 (Plaintiff's January 2014 through June 2014 hospitalizations due to drug use)). This link of Plaintiff's mental health issues to his chronic drug use supported the ALJ's credibility finding as well. See generally Andrews, 53 F.3d at 1039

(finding contemporaneous substance abuse renders psychological diagnosis unreliable); see also Parra v. Astrue, 481 F.3d 742, 744-45 (9th Cir. 2007) (holding claimant bears burden of proving his substance abuse is not material contributing factor to disability). Moreover, Plaintiff's August 12, 2014 hearing testimony that he was to receive his ninety-day sobriety chip on August 17, 2014 (AR 451), appears to directly conflict with his medical records which indicate that he tested positive for amphetamine use on or around June 10, 2014 (AR 775-87).

In addition, the ALJ pointed out that Plaintiff was able to do daily activities such as laundry, cooking and cleaning. (AR 418; see AR 436-37, 453-54). The ability to perform such tasks does not necessarily preclude a disability finding. See, e.g., Molina, 674 F.3d at 1112-13 (stating a claimant "need not 'vegetate in a dark room' in order to be eligible for benefits") (citation omitted). However, it does weigh on the overall credibility determination. Id., (stating participation in everyday activities in capacities transferable to a work setting or to an extent that they contradict claims of totally debilitating impairment may be grounds for discrediting a claimant's testimony).

Finally, the ALJ indicated that the record showed that Plaintiff's current impairments were present at approximately the same level of severity that they had been when Plaintiff had worked for his brother, an event planner. (See AR 417-18). As a result, the ALJ ultimately opined that Plaintiff's past work history was an indication that his impairments and symptoms would not prevent him from continuing to work. (See generally AR 418). The record supports this finding. (Compare AR 33-38 (Plaintiff's 2011 testimony regarding cessation of work at the National Orange Show around October 2009 due to pain) with AR 432-36, 461-62 (Plaintiff's 2014 testimony regarding cessation of work at the National Orange Show just sixteen to eighteen months earlier – in 2012 or 2013 – due to pain)). Plaintiff did testify that he had stopped working for his brother because he was in

8

too much pain. (See AR 33-38, 432-36, 461-62). However, given that Plaintiff returned to work for his brother months after the 2011 disability hearing at which he had testified that he could no longer work – a position which had required that he lift up to fifty pounds on a frequent basis (see AR 464-65) – the ALJ's ultimate finding that Plaintiff's symptoms would not prevent him from continuing to work was supported by substantial evidence.

When determining whether Plaintiff's testimony regarding the intensity, persistence and limiting effects of his pain and symptoms was credible, the ALJ used ordinary techniques of credibility evaluation as permitted by law. See generally Chaudry, 688 F.3d at 672. The ALJ adequately identified specific testimony that he felt was not credible and cited to evidence in the record that clearly and convincingly undermined Plaintiff's testimony. See generally Treichler, 775 F.3d at 1102; see also Holohan, 246 F.3d at 1208. In a credibility determination, an ALJ's analysis need not be extensive; it need only provide some reasoning for a court to meaningfully determine whether his or her conclusions were supported by substantial evidence. See Treichler, 775 F.3d at 1103 (citing Holohan, 246 F.3d at 1208). The ALJ's credibility finding met these requirements. Consequently, the determination must stand.

\\
\\
\\
\\
\\
\\
\\
\\
\\

## VI. CONCLUSION

The ALJ's determination that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms stemming from his medically determinable impairments were not entirely credible is supported by specific, clear and convincing evidence in the record, and thus, is free of legal error. For this reason, the ALJ's subsequent finding that Plaintiff is not disabled and therefore is not entitled to benefits is AFFIRMED.

DATED: October 7, 2015

/s/ Rozella A. Oliver
HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**